IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK R. TILLMAN,<br>    Plaintiff,<br><br>    v.<br><br>CITY OF COATESVILLE, POLICE<br>CHIEF JOHN LAUFER AND POLICE<br>CORPORAL JEFFREY INGEMIE,<br>    Defendants. | CIVIL ACTION<br><br><br><br>NO. 17-4152 |

## MEMORANDUM OPINION

This case arises out of an allegedly improper traffic stop, after which Plaintiff was arrested and charged with various crimes. Plaintiff pled guilty to one of the crimes, driving under the influence of a controlled substance. Plaintiff now brings federal claims against the arresting officer, police chief, and the City of Coatesville under 42 U.S.C. § 1983 and state law claims for false arrest, malicious prosecution / abuse of process, and negligent and intentional infliction of emotional distress. Defendants move to dismiss the state law claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons below, Defendants Motion to Dismiss is granted in part and denied in part.

  **I. Facts**

On September 19, 2015, Defendant Police Corporal Jeffrey Ingemie stopped Derek Tillman while Tillman drove his car through the City of Coatesville. During the traffic stop, Ingemie allegedly pushed Tillman to the ground and tased him three times.

Tillman was charged with multiple counts of Driving Under the Influence of Alcohol or a Controlled Substance, Resisting Arrest, and Careless Driving. According to the Complaint, Ingemie provided misleading and inaccurate testimony at a preliminary hearing regarding these charges in an effort to cover up his alleged use of excessive force. Further, the Complaint

alleges that Ingemie prepared false paperwork describing the events leading up to his arrest.

Judge David Bortner of the Chester County Court of Common Pleas dismissed the charge of resisting arrest and found that Officer Ingemie did not have probable cause to arrest Plaintiff for that crime. Although the charge of resisting arrest was dismissed, Tillman pled guilty to the charge of driving under the influence of a controlled substance in violation of 75 Pa. C.S. § 8302(d)(1).

Subsequently, Tillman brought this five-count Complaint against the City of Coatesville, its Chief of Police, John Laufer, and the arresting officer, Jeffrey Ingemie (collectively, "Defendants"). Tillman alleged that Defendants are liable for violating Plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment under 42 U.S.C. § 1983, failure to train officers under 42 U.S.C. § 1983, and state law claims for false arrest, malicious prosecution / abuse of process, and negligent and intentional infliction of emotional distress. Defendants move to dismiss Plaintiff's state law claims under Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice. *Id.* at 683. Rather, a plaintiff must allege some facts to raise the allegation above the level of mere speculation. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159,

176 (3d Cir. 2010) (citing *Twombly*, 550 U.S. at 555). Furthermore, a court may grant a motion to dismiss under Rule 12(b)(6) if there is a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

In analyzing a motion to dismiss legal conclusions are disregarded, well-pleaded factual allegations are taken as true, and a determination is made whether those facts state a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210-11 (3d Cir. 2009*)*. Generally that determination is made upon a review of the allegations contained in the complaint, exhibits attached appropriately to the complaint and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.* 998 F.2d 1192, 1196 (3d Cir. 1993). Here, where Defendants have attached to their motion to dismiss Plaintiff's Criminal Complaint and the Docket Sheet from the underlying state court proceeding, those may properly be considered. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Ground Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

### III. Discussion

#### a. False Arrest and False Imprisonment

Plaintiff's third count alleges that Defendants are liable for false arrest and false imprisonment. Under Pennsylvania law, the crimes of false arrest and false imprisonment are "merely different labels which describe the same conduct." *Gagliardi v. Lynn*, 285 A.2d 109, 110 (Pa. 1971). To establish a claim for false imprisonment under Pennsylvania law, plaintiff must show (1) the detention of another person and (2) the unlawfulness of such detention. *See Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). However, it is well-settled that an arrest supported by probable cause will defeat a claim for false arrest or false imprisonment. *Id.* at 293 ("An arrest based upon probable cause would be justified, regardless of whether the individual arrested was guilty or not.").

Whether probable cause existed at the time of an arrest is typically a factual determination based on the officer's knowledge at the time of an arrest. *See Com. v. Rodriguez*, 585 A.2d 988, 990 (Pa. 1991). However, an exception exists when a defendant is convicted or pleads guilty to the crime charged. "[U]nder the present state of Pennsylvania law, probable cause is conclusively established to exist at the time the arrest was made when there is a guilty plea or conviction." *McGriff v. Vidovich*, 699 A.2d 797, 800 (Pa. Commw. 1997); *see also Kokinda v. Breiner,* 557 F. Supp.2d 581 (M.D. Pa. 2008); *Shilling v. Brush,* 2007 WL 210802 (M.D. Pa. 2007)*; Frederick v. Hanna,* 2006 WL 3489745 (W.D. Pa. 2006); *Cf Basile v. Twp. of Smith*, 752 F. Supp.2d 643, 664 (W.D. Pa. 2010) (defendant may rebut presumption as to probable cause "by showing that fraud, perjury, undue influence or other corrupt means was employed to obtain the conviction in the criminal proceeding."

In this case, Tillman was arrested and charged with various crimes, including driving under the influence of alcohol or a controlled substance, resisting arrest, and careless driving. Judge Bortner found that no probable cause existed as to the crime of resisting arrest and dismissed that charge. However, Tillman pled guilty to driving under the influence in violation of 75 Pa. C.S. § 8302(d)(1). Therefore, probable cause existed to arrest Tillman for driving under the influence because he pled guilty to that offense.

In *Johnson v. Knorr*, The Third Circuit held that a Plaintiff may not maintain a claim for false arrest if probable cause exists as to one crime alleged, but not others, as is the case here. 477 F.3d 75.[1] "[I]n analyzing false arrest claims, a court to insulate a defendant from liability

---

[1] Even though *Johnson* involved a claim for false arrest under 42 U.S.C. § 1983 instead of state law, it is still binding because "[w]hen looking to the elements of false arrest [], the Third Circuit considers the elements of the tort in state law." *Shilling v. Brush*, 2007 WL 210802, at *13 (M.D. Pa. 2007); *see also Russoli v. Salisbury Twp.*, 126 F. Supp. 2d 821, 869 (E.D. Pa. 2000) ("Pennsylvania state law false arrest claims and federal constitutional false arrest claims are co-extensive as to both elements of proof and elements of damages.")

4

need find only that probable cause . . . . exist[ed] as to any offense that could be charged under the circumstances." *Id.* at 84-85 (quotations omitted). Thus, Judge Bortner's finding that Officer Ingemie lacked probable cause to arrest Tillman for resisting arrest is of no moment because Tillman pled guilty to one of the other crimes charged, driving under the influence.

        *b. Malicious Abuse of Process*

In order to maintain an action for abuse of process, a party must allege that the legal process was perverted and directed toward him or her for a purpose other than that which the process was designed. *McGee v. Feege*, 535 A.2d 1020, 1023 (1987). "An abuse is where the party employs it for some unlawful object, not the purpose which it is intended by the law to effect." *Id.* (internal quotations and citations omitted). In this case, Plaintiff alleges that Defendants abused process by bringing charges in order to justify Officer Ingemie's use of excessive force. Such an allegation, which must be credited at a motion to dismiss stage, is sufficient to allege that Defendants may be liable for abuse of process because they brought charges for the improper purpose of justifying Officer Ingemie's use of force instead of for the purpose of bringing Tillman to justice. Contrary to Defendant's position, Plaintiff's guilty plea to one of the charges is also not conclusive of the abuse of process claim. *See Davis v. Cheltenham Twp. Police Dep't*, 767 F. Supp. 104, 106 (E.D. Pa. 1991) ("[T]he pendent state abuse of process claim is not barred by plaintiff's having pleaded guilty."). Thus, the claim for malicious abuse of process will not be dismissed at this time.[2]

---

[2] Plaintiff's claim for malicious prosecution, which requires a showing that the criminal proceeding ended in Plaintiff's favor, will be dismissed. *See Estate of Smith v. Marascu*, 318 F.3d 497, 521 (3d Cir. 2003). Plaintiff's opposition brief admits that it "makes no argument with reference to [the malicious prosecution] cause of action." Therefore, any argument is appropriately deemed waived. *See Valentin v. Attorney Gen. of U.S.*, 386 F. App'x 279, 282 (3d Cir. 2010) ("Because no argument is presented . . . we deem the issue waived").

### c. Intentional Infliction of Emotional Distress

The elements of intentional infliction of emotional distress are: (1) a person who by extreme and outrageous conduct; (2) intentionally or recklessly causes; (3) emotional distress to another; and (4) the distress is severe. *See Reardon v. Allegheny College*, 926 A.2d 477, 487 & n. 12 (Pa. Super. 2007). Extreme and outrageous conduct is conduct which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987 (Pa. Super. 1997). Defendants argue that "[p]olice officers doing their job by arresting people when they have probable cause to do so certainly falls far short of extreme or outrageous conduct." *Manley v. Fitzgerald*, 997 A.2d 1235, 1239 (Pa. Commw. 2010). However, unlike *Manley*, Plaintiff alleges that Officer Ingemie improperly tased him three times. Although mindful of the high burden needed to establish a claim for intentional infliction of emotional distress, given this allegation Plaintiff's claim survives at this stage of the litigation. *See Garey v. Borough of Quakertown,* 2012 WL 3562450, at *5 (E.D. Pa., 2012) (denying motion to dismiss claim for intentional infliction of emotional distress where officers used a taser to arrest Plaintiff bringing suit under 42 U.S.C. § 1983).[3]

**BY THE COURT:**

**/S/WENDY BEETLESTONE, J.**

_____

**WENDY BEETLESTONE, J.**

**2/16/2018**

---

[3] Plaintiff's claim for Negligent Infliction of Emotional Distress is also dismissed because Plaintiff's opposition brief made no argument with reference to that cause of action either.